BRONSON LAW OFFFICES, P.C.
Counsel for the Debtor and Debtor in Possession
480 Mamaroneck Ave.
Harrison, NY 10528
(914) 269-2530
H. Bruce Bronson, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
In re:

                                                               Case No.:19-22590 (RDD)
                                                               Chapter 11

        DAVID DEPIETTO,

                                Debtor.

----------------------------------------------------------------X

**RESPONSE TO RIDGEWOOD SAVINGS BANK'S OBJECTIONS**
**TO DEBTOR'S AMENDED DISCLOSURE STATEMENT AND**
**<u>CONFIRMATION OF DEBTOR'S AMENDED PLAN</u>**

David DePietto, debtor and debtor-in-possession (the "**<u>Debtor</u>**") by and through his undersigned counsel filed a Chapter 11 Amended Plan of Reorganization (the "**<u>Amended Plan</u>**") and accompanying Amended Disclosure Statement (the "**<u>Amended Disclosure Statement</u>**") pursuant to Title 11 of the United States Code, both dated July 8, 2020 [ECF Doc.# 39 and 40]. Ridgewood Savings Bank ("**<u>Ridgewood</u>**") through its attorney, has objected to the Amended Plan and Amended Disclosure statement. The Debtor respectfully submits the following in response to these objections:

1. Ridgewood holds a mortgage on the property 22 Walbrooke Rd., Scarsdale, New York, which is the Debtor's principal residence.

2. The Debtor has been making regular mortgage payments since the filing of his voluntary Chapter 11 petition on March 8, 2019.

1

3. The Amended Plan proposes to make cure payments on arrears to Ridgewood to be paid over the balance of the term of the mortgage without additional interest. In the event there is a balance due at the date set forth in the note and mortgage for final payment, such amount will become due and owing at that time.

4. Ridgewood objected to the confirmation of the Debtor's Amended Plan and the Amended Disclosure statement. The basis of its objection is the treatment of its claim as unimpaired.

5. Ridgewood states its claim is impaired because the plan does not provide for additional interest to be paid on the arrears. This issue was raised by Ridgewood before the Court at the conference wherein the Judge conditionally approved the Debtor's Disclosure Statement. The Court did not rule on the issue at that time.

6. However, the Court advised the Debtor to provide a provisional ballot and allow Ridgewood to vote. Ridgewood was given a provisional ballot and Ridgewood voted to reject the plan.

7. This vote can be counted should the court determine Ridgwood's claim is impaired. Therefore, the plan can still be presented for confirmation even if the Court sustains Ridgewood's objection to its treatment and determines its claim is impaired.

8. The objection to the Amended Plan seems ill-considered given the fact that this property is significantly under water and the Amended Plan proposes payments to Ridgewood totaling approximately $1,779,510.04.

9. It is puzzling that Ridgewood rejects this plan when its own proof of claim states the value of the property is only $1,074,619.27.[1]

---

[1] A recent Broker's Price Opinion obtained by the Debtor values the property now at $824,580.

2

**RIDGEWOOD DOES NOT STATE A VALID OBJECTION TO THE DEBTOR'S DISCLOSURE STATEMENT**

10. In order for a disclosure statement to be approved, it must include "adequate information" or "information of a kind, and in sufficient detail . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C.§ 1125(a)(1).

11. Ridgewood's objection to the disclosure statement does not suggest the disclosure statement is missing any information, details or disclosures needed to inform its judgment of the plan. Nor does the objection offer any new arguments, or the support of any law whatsoever. It only generally restates the objection to the plan. Accordingly, no separate response to this objection is warranted.

**RIDGEWOOD'S CLAIM IS NOT IMPAIRED AND RIDGEWOOD IS NOT ENTITLED TO VOTE ON CONFIRMATION OF THE PLAN**

12. Ridgewood's objection to the Amended Plan states that the plan violates Section 1123(b)(5) of the Bankruptcy Code because it "modifies" a claim secured only by a security interest in real property that is the Debtor's principal residence. However, as in Chapter 13, Chapter 11 "cure" payments such as the ones proposed by the Debtor's Amended Plan do not constitute "modification" to a secured lenders' claim. *See In re LaPorta,* 578 B.R. 792 at 799 (Bankr. N.D. Ill. 2017).

13. It is well settled that when a debtor's plan cures the default this is an exception to impairment under 11 U.S.C. §1124. *See, e.g. In re Kizzac Mgmt. Corp.,* 44 B.R. 496, 501 (Bankr. S.D.N.Y. 1984)("Although the creditor's rights arising out of acceleration are in fact affected by cure and reinstatement, they are deemed unimpaired.") *citing In re Forest*

3

*Hills Assocs.,* 40 B.R. 410 (Bankr. S.D.N.Y. 1984); *In re Madison Hotel Assoc.*, 29 B.R. 1003, 1006 (Bankr. W.D. Wis. 1983); *In re Masnorth Corp.*, 28 B.R. 892, 894 (Bankr. N.D. Ga. 1983); and *In re Barrington Oaks Gen'l Partnership*, 15 B.R. 952 (Bankr. D. Utah 1981). Therefore, the plan does not violate section 1123(b)(5) because it does not modify Ridgewood's claim.

14. Ridgewood's objection then points to Section 1123(d) as "potentially providing some compensation or protection for the creditor if cure payments are to be made over time". Citing *In re LaPorta,* 578 B.R. 792 at 800 (Bankr. N.D. Ill. 2017). This protection is only available to the extent provided for by the underlying agreement or applicable non bankruptcy law; and nowhere in the objection does Ridgewood point to any provision of the loan document or any applicable nonbankruptcy law. *See id.*

15. To determine when interest is required to cure a default, this Court has followed *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 91 L. Ed. 162, 67 S. Ct. 237 (1946). *See e.g. In re Kizzac Mgmt. Corp.*, 44 B.R. 496, 502 (Bankr. S.D.N.Y. 1984). In *Vanston* the Supreme Court stated that in the absence of overriding federal policy state law will determine the allowability of interest accruing on claims before the petition is filed. *Id.* at 161.

16. There is no question that New York law controls the issue of prepetition interest on interest in this case. The mortgage was executed in New York; the premises are located in New York, and the Debtor resides in New York.

17. Ridgewood correctly states in their objection, "[a]rgument could be made that the secured creditor is seeking interest on interest" because the pre-petition arrears already include interest. New York law does not allow interest on interest. "For over a century the New

4

York Court of Appeals consistently has held that a contractual provision to pay interest on interest is void under the law of New York." *Debentureholders Protective Committee of Continental Investment Corporation v. Continental Investment Corporation,* 679 F.2d 264, 268 (1st Cir.), *cert. denied,* 459 U.S. 894, 103 S. Ct. 192, 74 L. Ed. 2d 155 (1982). *See also Madison Personal Loan, Inc. v. Parker,* 124 F.2d 143, 145 (2d Cir. 1941); *In re Forest Hills Assoc.,* 40 B.R. 410, (Bankr. S.D.N.Y. 1984); *In re Webb,* 29 B.R. 280, 285 (Bankr. E.D.N.Y. 1983); *Newburger-Morris Co. v. Talcott,* 219 N.Y. 505, 510, 114 N.E. 846, 847 (1916); *Young v. Hill,* 67 N.Y. 162, 167-69 (1876); *Stewart v. Petree,* 55 N.Y. 621, 623 (1874); *Giventer v. Arnow,* 44 A.D.2d 160, 161, 354 N.Y.S.2d 162, 164 (3d Dep't 1974), *rev'd on other grounds,* 37 N.Y.2d 305, 333 N.E.2d 366, 372 N.Y.S.2d 63 (1975).

18. Furthermore, allowing interest payments on the arrears that already include interest would constitute payment of double interest to Ridgewood, and would therefore be payment of more than one hundred (100%) of Ridgewood's claim under the plan. This would violate the "fair and equitable" requirement of § 1129(b)(1), especially when one considers that the unsecured claims are receiving only thirty-three percent (33%) of their total claims.

19. "A secured creditor whose claim is treated in accordance with section 1124 of the Code is deemed unimpaired, and is conclusively presumed to have accepted the plan, thereby relieving the debtor of any need to solicit an acceptance by that creditor or class of creditors. 11 U.S.C. § 1126(f)." *In re CHATEAUGAY Corp.*, 150 B.R. 529, 542 (Bankr. S.D.N.Y. 1993)(Internal quotation marks omitted.).

20. Therefore, Ridgewood's claim is unimpaired, and Ridgewood is not entitled to vote to accept or reject the confirmation of the Debtor's Amended Plan.

### EVEN IF RIDGEWOOD'S CLAIM WAS IMPAIRED ITS VOTE IS NOT NECESSARY TO CONFIRM THE PLAN

21. When the plan includes impaired classes 11 U.S.C. §1129(a)(10) of the Bankruptcy Code only requires that the plan proponent obtain the acceptance of at least one impaired class for confirmation. The Debtor has another impaired creditor who has already voted to accept the plan. A certification of the ballots demonstrating the same will be filed on or before August 22, 2020, in accordance with the Court's Order.

22. As long as the plan complies with the requirements of Section 1129, "[i]f, as in the present case, an impaired class does not accept the plan, the plan may still be confirmed pursuant to § 1129(b)" *In re Johns-Manville Corp.*, 68 B.R. 618, 629 (Bankr. S.D.N.Y. 1986).

23. Accordingly, the requirements for confirmation of a plan have been met by the Debtor and Confirmation should be approved.

WHEREFORE, for the reasons stated herein Ridgewood's objections to the Debtor's Amended Disclosure Statement and Amended Plan should be overruled and the Court should approve the Amended Disclosure Statement, confirm the Amended Plan and grant such further relief as the Court deems just and proper.

Dated: Harrison, NY
      August 20, 2020

                                BRONSON LAW OFFICES, P.C.

                                By: */s/ H. Bruce Bronson*
                                    H. Bruce Bronson, Esq.